# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL WATTS, individually and derivately on behalf of SWISHA-BLAST ENTERTAINMENT LLC,** | § § § § | |
| | § | |
| PLAINTIFF, | § | |
| | § | **CASE NO. _____** |
| V. | § | |
| | § | **JURY DEMANDED** |
| HENRY GUIDRY, | § | |
| | § | |
| DEFENDANT, | § | |
| | § | |
| and | § | |
| | § | |
| SWISHA-BLAST ENTERTAINMENT LLC, | § § | |
| | § | |
| NOMINAL DEFENDANT. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, Michael Watts individually and as derivative claimant for Swisha-Blast Entertainment LLC ("Watts") files this Original Complaint against Henry Guidry ("Guidry") and Swisha-Blast Entertainment LLC ("SBE"), as nominal defendant, respectfully showing the Court as follows:

# I.  INTRODUCTION

1.      Michael Watts founded the renowned, Houston-based hip hop record label known as Swishahouse in 1997. Swishahouse was instrumental in launching the careers of multiple famous Houston-based hip hop artists, such as Chamillionaire, Slim Thug, Paul Wall and Mike Jones, among others.

2.      This is an intellectual property infringement case involving (i) Guidry's unlawful use of the SWISHA HOUSE® Marks (as defined below) which are solely owned by Watts (ii) Guidry's violations of the Anticybersquatting Consumer Protection Act and (iii) Guidry's infringement of Watt's copyright interests in the Swisha House design as set forth in Exhibit 1. The case also involves claims for Guidry's breaches of fiduciary duties by (i) seeking to unilaterally convert Watts's membership interests in a limited liability company that is equally owned by Watts and Guidry, (ii) filing a fraudulent document with the Texas Secretary of State in which Guidry falsely stated under oath that Watts is no longer a managing member of the LLC owned by Watts and Guidry and (iii) filing fraudulent application with the U.S. Patent & Trademark Office seeking to register one of the SWISHA HOUSE® Marks.

# II.  PARTIES

3.      Henry Guidry is a resident of Harris County, Texas who regularly transacts business in Harris County and elsewhere in this judicial district.  He may be served with process at his residence and usual place of abode at 21118 Melshell Dr., Cypress, Texas 77433, at any other location in the state where he may be found, or as

otherwise provided by the FEDERAL RULES OF CIVIL PROCEDURE.

## III.  JURISDICTION & VENUE

4.      Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1337, 1338, 1367 and 2210; 15 U.S.C. §§ 1121 and 17 U.S.C. § 101, et seq.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because the defendant resides in this judicial district, and because a substantial part of the events or omissions giving rise to the plaintiff's claim occurred in this judicial district.

## IV.  FACTUAL BACKGROUND

**A.      WATTS'S SOLE OWNERSHIP OF THE SWISHA HOUSE® MARKS**

5.      In 2013, Watts applied to obtain federal registrations for two trademarks, the SWISHA HOUSE word mark and the SWISHA HOUSE & Design stylized mark. On April 1, 2014, the U.S. Patent & Trademark Office issued the following trademark registrations to Watts:

| Mark | Reg. No. | Goods/Services |
|------|----------|----------------|
| SWISHA HOUSE | 4,505,490 | Charitable services, namely, mentoring of youth in the field of responsible choices, education, self-esteem and pursuing aspirations; Disc jockey services; Educational and entertainment services, namely, providing motivational speaking services in the field of responsible choices, education, self-esteem and pursuing aspirations provided to youth; Entertainment in the nature of organizing and conducting live |

| | | |
|---|---|---|
| | | music events; Entertainment services in the nature of recording, production and post-production services in the field of music ; Entertainment, namely, production of music videos; Provision of information relating to live performances, road shows, live stage events, theatrical performances, live music concerts and audience participation in such events |
|  | 4,505,443 | hats, shirts |

The first use date for each of these marks is at least as early as January 1, 1999. All required maintenance documents have been filed to keep the registrations alive. They have been timely renewed and are valid and subsisting on the principal register of the U.S. Patent & Trademark Office. Pl. Ex. 1, Trademark Regs. The SWISHA HOUSE and SWISHA HOUSE & Design marks are individually and collectively referred to herein as the "SWISHA HOUSE® Marks" and the good and services described in the chart above are individually and collectively referred to herein as the "Goods & Services."

**B.    WATTS'S SOLE OWNERSHIP OF THE COPYRIGHT INTERESTS IN THE COPYRIGHTED WORK**

6.    Watts is the sole author and owner of all right, title and interest, including all copyright interests, in and to the work of visual art ("Copyrighted Work" reproduced below:



The Copyrighted Work is the subject of and covered by U.S. Copyright Reg. No. VA 2-416-198. Pl. Ex. 2, Copyright Reg. Cert & Deposit.

**C.    SWISHA-BLAST ENTERTAINMENT**

7.    In 2000, Watts teamed up with Guidry to organize Swisha-Blast Entertainment LLC ("SBE") for the purpose of manufacturing and distributing sound recordings in the form of compact discs and cassette tapes. Watts and Guidry have each, at all times, owned 50% of the membership interests of SBE and each was identified as a co-managing member of the company. Even though Watts and Guidry are co-managing members of SBE, Guidry was largely responsible for the handling the day-to-day operations of SBE.

8.    Watts has never granted an express written license to SBE to use the SWISHA HOUSE® Marks or the Copyrighted Work. He did, however, impliedly permit SBE to use the SWISHA HOUSE® Marks and Copyrighted Work for the limited

purpose of packaging and labeling sound recordings for distribution. SBE also used the SWISHA HOUSE® Marks and Copyrighted Work in connection with the sale of clothing and merchandise embodying those marks and that design.

9.      Upon information and belief, on or about December 31, 2004, Guidry registered the domain name <swishahouse.biz>. He opened an ecommerce website at which he sold, and continues to sell, various goods that embody the SWISHA HOUSE® Marks and the Copyrighted Work, including sound recordings, clothing and accessories. The proceeds from the sales of those sound recordings were supposed to have been deposited in the SBE bank account and used by SBE in accordance with standing operating procedures and distributed to its members—Watts and Guidry—as permitted.

10.     Guidry has also registered the domain name <swishablast.com> and has setup a website where he is using one of the SWISHA HOUSE® Marks and Copyrighted Work on the landing page of the site. Pl. Ex. 3. Watts has not granted a license to Guidry (or SBE) to use the SWISHA HOUSE® Marks or the Copyrighted Work in connection with the website located online at the <swishablast.com> domain name.

D.      2 PLAYAS PUBLISHING

11.     On January 24, 2002, Watts and Guidry formed another company called 2 Playas Publishing LLC ("2PP") to act as a music publisher. Watts and Guidry were co-managers of 2PP. 2PP's corporate charter was forfeited in 2014.

12.     Music publishers play a critical role in the recording industry ecosystem. They are generally responsible for things such as handling copyright administration, negotiating terms for licensing musical works (also referred to as "compositions") to third parties, collecting royalties from the exploitation of various types of licenses, and distributing the income from licensing activities to the songwriters of the compositions.

13.     On March 1, 2005, 2PP signed a co-publishing deal with Warner-Chappell Music, Inc. ("Warner/Chappell"), one of the largest music publishers in the world. Under that deal, the writers of the songs that are part of the deal are entitled to receive 50% of the gross receipts from the exploitation of the musical works (also referred to as "compositions"). That 50% paid to the songwriters is known as the "writer's share." The writer's share is paid directly to the songwriters. The remaining 50% of the gross receipts is known as the "publisher's share." In this case, the publisher's share is split equally between Warner/Chappell and 2PP, with each receiving 25% of the total gross receipts from the exploitation of the musical works. Thus, the overall split of gross receipts is 50% paid directly to the songwriters, 25% paid to Warner/Chappell and 25% to 2PP.

E.      THE VANISHING FUNDS

14.     When SBE was formed, the company opened a bank account. Both Watts and Guidry were signatories on that account. Watts and Guidry's business relationship deteriorated. Watts discovered that Guidry had somehow persuaded SBE's bank to remove Watts as a signatory on the company's bank account, and that, upon

information and belief, Guidry had been siphoning money from SBE—including proceeds from the sales of goods bearing the SWISHA HOUSE® Marks and Copyrighted Work, as well as publishing revenue from the Warner/Chappell co-publishing deal—and transferring those funds to an account owned solely by Guidry.

15.     In 2023, Watts instructed Guidry—individually and acting as co-managing member of SBE—to cease all uses of the SWISHA HOUSE® Marks and the Copyrighted Work, including in connection with apparel and merchandise, thereby terminating all implied licenses to use the SWISHA HOUSE® Marks and Copyrighted Work. Guidry refused to comply with Watts's demands and continues to advertise, market and sell products bearing the SWISHA HOUSE® Marks and Copyrighted Work while keeping all the proceeds from the sales therefrom for himself.

F.     THE FRAUDULENT FILING WITH THE TEXAS SECRETARY OF STATE

16.     As late as November 2023, Watts and Guidry were listed as co-managing members of SBE in the franchise tax report filed SBE filed with the Texas Comptroller's Office.[1] Pl. Ex. 4, PIR. Without Watts' knowledge or authorization, on July 3, 2024, Guidry filed a certificate of amendment with the Texas Secretary of State purporting to amend the SBE's certificate of formation in which he falsely represented under oath to the Texas Secretary of State that Watts had been removed from the SBE as a co-managing member. Pl. Ex. 5, Cert. of Amend. No such discussions ever took place between Watts and Guidry, and Watts did not sell, assign or otherwise transfer his

---

[1] The public information report incorrectly refers to them as "managers," but SBE is a member-managed company and the two are technically co-managing members.

membership interests in SBE to Guidry or anyone else.

**G.    GUIDRY FILES A TRADEMARK APPLICATION FOR THE SWISHA HOUSE & DESIGN MARK**

17.     Incredibly, on August 28, 2024, apparently thinking he is now the sole owner of SBE due to the fraudulent filing he made with the Texas Secretary of State, Guidry caused SBE to file a trademark Application Serial No. 98720859 with the U.S. Patent & Trademark Office in which he—again—made false statements under oath to a governmental agency, representing that:

- SBE is the owner of the SWISHA HOUSE & Design mark (15 U.S.C. § 1051(a)(3) and 37 C.F.R. § 2.33);

- no person or entity other than SBE has the right to use the mark in commerce (15 U.S.C. § 1051(a)(3) and 37 C.F.R. § 2.33);

- the application contained truthful and accurate statements (15 U.S.C. § 1120); and

- the information provided in SBE's application was not fraudulent, and that he understood any willful false statements or omissions could result in the invalidation of the application (15 U.S.C. § 1120).

Pl. Ex. 6, SBE TM App.

18.     Guidry's and SBE's actions constitute egregious infringements of Watts's rights and violations of applicable law.

## COUNT I
### (TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114)

19.     Watts is the exclusive owner of all rights in and to the SWISHA HOUSE®
Marks for use in connection with the Goods & Services and is further the sole owner
of the registrations covering those marks (the "Registrations"). The Registrations are
in full force and effect and are valid and subsisting on the Principal Register of the U.S.
Patent & Trademark Office.

20.     Watts has continuously used the SWISHA HOUSE® Marks in interstate
commerce in connection with the Goods & Services from the dates of first use identified
in the Registrations through the present.

21.     Guidry has, without authorization, used the SWISHA HOUSE® Marks
mark to advertise, market and provide services that are competitive with the Goods &
Services advertised, marketed and provided by Watts under the SWISHA HOUSE®
Marks, and which are marketed through the same or substantially the same trade and
advertising channels as the SWISHA HOUSE® Marks.  Guidry's use of the SWISHA
HOUSE® Marks in advertising its goods and services is likely to cause confusion, cause
mistake, or deceive the relevant consuming public.

22.     In addition, Guidry reproduces, counterfeits, copies, or colorably
imitates one or more of the SWISHA HOUSE® Marks and applies such reproductions
to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to
be used in commerce upon, or in connection with the sale, offering for sale,
distribution, or advertising of goods or services on or in connection with which such

use is likely to cause confusion, or to cause mistake, or to deceive.

23.     Guidry has had constructive notice of Watts's exclusive rights in the SWISHA HOUSE® Marks since the dates on which the Registrations for those marks were issued and has had actual notice of Watts's exclusive rights since approximately 1997.  Despite being on notice of Watts's rights in the SWISHA HOUSE® Marks, Guidry continues to advertise, market and provide services under the SWISHA HOUSE® Marks.

24.     Guidry's conduct constitutes intentional and knowing infringement of Watts's rights in the SWISHA HOUSE® Marks, which has caused, and will continue to cause, irreparable harm and monetary damages to Watts.

## COUNT II
## (FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a)(1)(A))

25.     Guidry's commercial use of the SWISHA HOUSE® Marks mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Guidry with Watts, or as to the origin, sponsorship, or approval of Guidry's goods, services, or commercial activities amongst the relevant consuming public.

26.     Watts has no control over the nature and quality of the services provided by Guidry under the infringing SWISHA HOUSE® Marks, thereby hampering Watts's ability to protect his outstanding reputation for its unique brand of high quality Goods & Services.  Guidry's conduct has caused, and will continue to cause, irreparable harm and monetary damages to Watts that are within the jurisdictional limits of the Court.

Watts further seeks preliminary and permanent injunctive relief as set forth below.

## COUNT III
### (FALSE ADVERTISING - 15 U.S.C. § 1125(a)(1)(B))

27.     Guidry's commercial advertising or promotion under the SWISHA HOUSE® Marks misrepresents the nature, characteristics, or qualities of Guidry's goods or services, or tends to create, and does create, the false impression that such goods and services originated with Watts when, in fact, they do not.

28.     Watts has no control over the nature and quality of the goods and services that are advertised and marketed by Guidry under the infringing SWISHA HOUSE® Marks, thereby hampering Watts's ability to protect his outstanding reputation for its unique brand of high quality Goods & Services. Guidry's conduct has caused, and will continue to cause, irreparable harm and monetary damages to Watts that are within the jurisdictional limits of the Court.  Watts further seeks preliminary and permanent injunctive relief as set forth below.

## COUNT IV
### (CYBERSQUATTING - 15 U.S.C. § 1125(d))

29.     Guidry registered the <swishahouse.biz> domain name ("Infringing Domain Name") on December 31, 2004, approximately five years after Watts began using the SWISHA HOUSE® Marks.

30.     Although Watts initially did not object to the use of the <swishahouse.biz> domain name for the benefit of SBE, of which he was a member, as set forth above, any and all implied licenses to use the SWISHA HOUSE® Marks were terminated no later than 2023. Out of abundance of caution, Watts sent to Guidry and

SBE an additional notice of termination of all potential licenses to use SWISHA HOUSE® Marks on October 10, 2024. Guidry and SBE have, however, refused to comply with all notices of termination and continue to use the SWISHA HOUSE® Marks.

31.     The SWISHA HOUSE® Marks used by Guidry and SBE are distinctive and are identical or confusingly similar to the SWISHA HOUSE® Marks.

32.     Guidry's refusal to cease use of the Infringing Domain Name demonstrates that he has a bad faith intent to profit from the unauthorized exploitation of that domain name.

33.     Guidry's continued use of the Infringing Domain Name after all licenses to use the SWISHA HOUSE® Marks have been terminated has caused, and will continue to cause, monetary damages to Watts, and is causing irreparable harm where there is no adequate remedy at law.

34.     Watts is entitled to preliminary and permanent injunctive relief enjoining Guidry's and/or SBE's continued use of the Infringing Domain Name, plus statutory damages of between $1,000 and $100,000.00, plus attorney's fees and costs of court.

35.     Watts further seeks an order from the Court ordering the transfer of the Infringing Domain Name to Watts.

## COUNT VI
## (COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501)

36.     The Copyrighted Work is an original work that was authored by Watts. At all relevant times Watts has been the sole and exclusive owner of all right, title and

interest in and to the Copyrighted Work and the registration certificate for the Copyrighted Work. Pl. Ex. 2, Copyright Reg. Cert.

37.     Although Watts may have granted to Guidry and/or SBE an implied license to use the Copyrighted Work for limited purposes, any and all such licenses have since been terminated. Watts verbally terminated all licenses at least two years prior to the filing of this complaint. Watts has since sent written notice of termination of all possible licenses.

38.     Despite the termination of any and all implied licenses, Guidry continues to use the Copyrighted Work in connection with the advertising, sale, reproduction, distribution, public display, public performance, and preparation of derivative works of sound recordings, musical works, clothing and merchandise, among other things.

39.     Guidry conduct in infringing Watts's exclusive rights under 17 U.S.C. § 106 was and is deliberate, knowing and intentional. Watts seeks to recover actual damages plus net profits received by Guidry.

40.     In addition, Guidry's activities relating to the Copyrighted Work has caused, and will continue to cause, irreparable harm to Watts. For example, Watts has been irreparably harmed because, among other things, he has lost control over his messaging, thereby harming his reputation and the reputation of Watts and Swisha House. That harm is a direct result of Guidry's infringing activities. Further, Guidry's use of the Copyrighted Work after the termination of licenses and without Watts's consent has permitted Guidry to materially benefit from decades of time, money and effort Watts has invested into the Copyrighted Work at an amount that is difficult or

impossible to quantify.

41.     Pursuant to 17 U.S.C. §§ 502 and 503, Watts is entitled to injunctive relief prohibiting Guidry, and all others acting in concert with him, from further infringing Watts's copyright interests in and to the Copyrighted Work at issue herein, and an order instructing him to (i) permanently destroy all goods and services embodying the Copyrighted Work in his possession or over which he has custody or control, (ii) permanently take down all reproductions of the Copyrighted Work that are embodied in or on any website, social media account or other location online and (iii) cease all reproduction, distribution, public display, public performances and preparation of derivative works from the Copyrighted Work.

## COUNT VI
## (VIOLATION OF TEXAS BUSINESS & COMMERCE CODE § 4.007)

42.     Guidry's filing of the certificate of amendment in which he falsely represented to the Texas Secretary of State that Watts had been removed as a co-manager of SBE constitutes a violation of TEXAS BUSINESS & COMMERCE CODE § 4.007 because filing the certificate of amendment constitutes an offense under TEXAS BUSINESS & COMMERCE CODE § 4.008. Guidry knowingly made that false representation to Texas Secretary of State without Watts's knowledge or consent and with the intent to harm Watts's rights in SBE. Watts is entitled to recover actual damages, attorney's fees and costs of court from Guidry as a result of Guidry's conduct.

## COUNT VII
## (BREACH OF FIDUCIARY DUTY - DIRECT)

43.     TEXAS BUSINESS & COMMERCE CODE § 101.401 provides that:

> A member or manager of a limited liability company is not liable to
> the company or to any other member or manager for an action taken
> or omission made unless the act or omission constitutes gross
> negligence, willful misconduct, or a knowing violation of law.

44.     SBE is a closely held limited liability company with only two members,
Watts and Guidry. There was a long-standing personal and business relationship
between Watts and Guidry for approximately 20 years where Guidry was entrusted
with running the day-to-day operations of SBE. In essence, the relationship between
Watts, Guidry and SBE was akin to a partnership relationship. Guidry owed to Watts
the duties of loyalty and care, which are implied by TEXAS BUSINESS & COMMERCE CODE
§ 101.401.

45.     Guidry also had a duty under TEXAS BUSINESS ORGANIZATIONS CODE §
4.007 not to file with the Texas Secretary of State a document in which he knowingly
falsely represented to the government agency that Watts had been removed as a co-
manager of SBE.

46.     Acting with gross negligence, or wilfully and in knowing violation of the
law, Guidry breached his duties of care and loyalty and other duties set forth herein,
in each of the scenarios laid out herein, thereby causing damages to Guidry in an
amount that is within the jurisdictional limits of this Court.

## DERIVATIVE CLAIMS

### STANDING TO BRING DERIVATIVE CLAIMS

47.     Watts is a co-founding member and 50% owner of SBE. This claim is brought derivatively on behalf of SBE to address harm caused to the company by Guidry, a co-managing member and 50% owner of SBE. Plaintiff asserts these derivative claims on behalf of SBE pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §§ 101.451 et seq. and other applicable law.

48.     Watts has not made a demand on Guidry to address the wrongful conduct alleged herein because such demand would be futile. Guidry is in control of SBE's operations and is the primary wrongdoer whose actions are directly adverse to the interests of SBE.

## COUNT VIII
## (BREACH OF FIDUCIARY DUTY - DERIVATIVE)

49.     As a co-managing member of SBE, Guidry owes fiduciary duties to SBE, including the duties of loyalty, care, and good faith. Guidry is required to act in the best interests of SBE and avoid self-dealing, conflicts of interest, and misuse of company assets for personal benefit.

50.     Guidry breached his fiduciary duties to SBE by (i) misappropriating SBE's funds by diverting funds from SBE's bank account into an account solely owned by Guidry, thereby depleting SBE's assets and unjustly enriching himself and (ii) fraudulently removing Watts as a co-managing member of SBE by filing a fraudulent certificate of amendment with the Texas Secretary of State in which Guidry falsely

represented under oath that Watts was no longer a co-managing member of SBE, without any authorization, notice, or agreement from Watts.

51.    Guidry's breaches of fiduciary duty have proximately caused damages to SBE in amount that is within the jurisdictional limits of the Court. SBE seeks (i) recovery of all misappropriated funds and unjust profits obtained by Guidry, (ii) an accounting of all funds diverted from SBE; (iii) the imposition of a constructive trust over assets wrongfully obtained by Guidry; and (iv) damages in an amount to be determined by the finder of fact.

52.    Guidry further had a duty of care and loyalty not to abscond with funds owned by SBE, including funds paid to SBE by Warner/Chappell, proceeds from the sale of goods and services embodying the SWISHA HOUSE® Marks and Copyrighted Work and other funds that Watts anticipates locating during the discovery process

## COUNT IX
### (MISAPPROPRIATION OF FUNDS - DERVATIVE)

53.    As a co-managing member of SBE, Guidry has unlawfully taken, retained, and converted SBE's assets for his own personal use, including but not limited to company funds and proceeds from sales of goods that should have been deposited into SBE's accounts and used for the company's benefit.

54.    Guidry's actions in misappropriating SBE's assets have caused direct financial harm to SBE and have impaired the company's ability to conduct its business operations.

55.     On behalf of SBE, Watts seeks relief for the misappropriation of company assets, including (i) the return of all wrongfully diverted funds and property, (ii) damages in an amount to be proven at trial, (iii) an injunction to prevent further misappropriation or misuse of SBE's assets and (iv) all additional equitable relief deemed just and appropriate by the Court.

## COUNT X
## (DECLARATORY JUDGMENT)

56.     Pursuant to 28 U.S.C. § 2201, Watts seeks an order and judgment from the Court declaring that he has not sold, transferred or assigned his 50% membership interest in SBE to Guidry or any third party, and that he continues to own his 50% membership interest in SBE.

## JURY DEMAND

57.     Watts demands a trial by jury under the Constitutions of the United States of America and the State of Texas.

## PRAYER

Wherefore, Premises Considered, Watts respectfully requests that the Court:

(i)     Require each defendant be summonsed to appear and answer herein;

(ii)    Issue a preliminary injunction and permanent injunctive relief under 15 U.S.C. § 1116 and 17 U.S.C. § 502 and all other applicable laws and principles of equity, immediately restraining and enjoining Guidry, and all others acting by, through, under or in concert with him from using, in any manner, (a) the SWISHA HOUSE® Marks, (b) any word, phrase, symbol, device or other designation that is identical or similar to the SWISHA HOUSE® Marks; and (c) the Copyrighted Work;

(iii)   Issue a preliminary injunction and permanent injunctive relief under 15 U.S.C. § 1116 and all other applicable laws and principles of equity,

immediately restraining and enjoining Guidry, and all others acting by, through, under or in concert with him, from registering any domain name that is identical or confusingly similar to the SWISHA HOUSE® Marks.

(iv)    Issue a preliminary injunction ordering Guidry to discontinue use of the <swishahouse.biz> domain name during the pendency of this action; and to disable the domain name and cease to operate a website at the <swishahouse.biz> domain name during the pendency of this action;

(v)     Issue a permanent injunction under 15 U.S.C. §§ 1116 and 1125(d) requiring Guidry to transfer the <swishahouse.biz> domain name to an account solely owned and controlled by Watts;

(vi)    Issue a mandatory preliminary and permanent injunction ordering Guidry to cease all use of and to takedown the Copyrighted Work from the websites located online at the <swishahouse.biz> and <swishablast.com> domain names during the pendency of this action and in perpetuity thereafter;

(vii)   Enter a judgment declaring that Watts owns 50% of the membership interests of Swisha-Blast Entertainment LLC;

(viii)  Award to Watts actual damages and net profits for which Guidry is found to be liable, in an amount that is within the jurisdictional limits of the Court;

(ix)    Award exemplary damages to Watts for Guidry's knowing and intentional, or grossly negligent, conduct;

(x)     Impose a constructive trust upon all funds that Guidry misappropriated from Swisha-Blast Entertainment LLC;

(xi)    Award enhanced damages to Watts in an amount to be determined by the trier of fact or the Court;

(xii)   Award statutory damages of not less than $1,000 and not more than $100,000 against Guidry for violations of 15 U.S.C. § 1125(d);

(xiii)  Award to Watts reasonable and necessary attorney's fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, 28 U.S.C. § 2201 and Rule 57 of the FEDERAL RULES OF CIVIL PROCEDURE and all other applicable statutes, rules of law and principles of equity;

(xiv)   Award to Watts all costs of court; and

(xv)    Award to Watts all other relief to which it may be entitled.

Respectfully submitted,

By: _/s/ Hank Fasthoff_
    Hank Fasthoff
    State Bar No. 24003510
    FASTHOFF LAW FIRM PLLC
    21 Waterway Ave., Suite 300
    The Woodlands, Texas 77382
    713.929.9314 (v)
    713.583.0805 (f)
    hank@fasthofflawfirm.com